**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY WAYNE LEAF,

Defendant - Appellant.

No. 01-7073
(D. C. No. 00-CR-78-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT***

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant to 18
years of incarceration to be followed by five years of supervised release, after a
plea agreement which required the government to file an information alleging

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

second degree murder in Indian Country and use and discharge of a firearm during the commission of a crime of violence. On December 12, 2000, defendant Leaf was originally charged in a two count indictment with first degree murder in Indian Country and the use and discharge of a firearm during the commission of a crime of violence. After plea negotiations were entered into, defendant eventually entered into a written plea agreement under Fed. R. Crim. P. § 11(e)(1)(C), in which he waived an indictment and agreed to a total sentence of 18 years of incarceration. As required under the plea agreement, the government filed an information that alleged second degree murder and use and discharge of a firearm during the commission of a crime of violence. Under the terms of the plea agreement, defendant entered a plea of guilty to the charges in the information. The plea agreement mandated a sentence of 96 months on the second degree murder charge and 120 months on the firearms charge. The firearms charge is statutorily required to run consecutive to the sentence on the murder count.

We have reviewed the entire record on appeal before this court, including the plea agreement and the presentence report. We find no basis on which to determine that an error was made in the district court. Defendant's attorney has filed a brief pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396 (1967). Defendant's attorney moves this court for leave to withdraw. That

motion is granted.  We affirm the order of the district court sentencing defendant

pursuant to the terms of the plea agreement.  AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge